UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**NANA'S LANDING, LLC,**

   Plaintiff,

v.               **Civil Action No. 5:20-CV-4**
                    Judge Bailey

**MURRAY AMERICAN RIVER TOWING,
INC., CAMPBELL TRANSPORTATION
COMPANY, INC., BELLAIRE
HARBOR SERVICE, LLC,**

   Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS TO DISMISS

Currently pending before this Court are Defendant Campbell Transportation Co., Inc.'s Motion to Dismiss Plaintiff's Complaint [Doc. 6], filed March 2, 2020, and Bellaire Harbor Service, LLC's Motion to Dismiss Plaintiff's Complaint [Doc. 11], filed November 6, 2020. The Motions are fully briefed and ripe for decision. For the reasons that follow, the Court will deny the Motions.

## BACKGROUND

This case comes ashore as a result of a barge breakaway incident. According to the Complaint, plaintiff operates a restaurant located in Glen Dale, West Virginia, along the Ohio River; the restaurant "maintained 260 feet of docks which permitted water traffic on the Ohio River to park and utilize the restaurant and bar facilities owned and operated" by plaintiff. [Doc. 1 at 2]. On the morning of January 13, 2018, a number of barges broke free from a fleeting facility; one of these barges, Barge No. 1023, drifted uncontrolled

1

downstream and crashed into plaintiff's docks, resulting in their total destruction. [Id. at 2–3]. Plaintiff now brings suit against defendants, the operator of the fleeting facility, a tugboat operator, and the owner and operator of the barge.

The instant Motions, however, are not anchored in the facts of the breakaway incident itself, but instead set a course into the realm of admiralty law. Before this Court are three consolidated cases arising out of the same breakaway incident which were filed by the movants as limitation of liability actions under Fed. R. Civ. P. Supp. F. See Civ. A. Nos. 5:18-CV-115; 5:18-CV-137; and 5:18-CV-138. In those cases, this Court entered restraining orders, which restrained suits against Campbell Transportation, Co., Inc. ("Campbell") and Bellaire Harbor Services, LLC ("BHS"). See Civ. A. No. 5:18-CV-115 [Doc. 6]; Civ. A. No. 5:18-CV-137 [Doc. 7]; Civ. A. No. 5:18-CV-138 [Doc. 5]. In the instant Motions, Campbell and BHS raise essentially the same argument in their attempts to sink the Complaint: that in their respective cases, this Court's prior orders required claims related to the breakaway to be filed within a specified period ending August 31, 2018, in the case relating to BHS, and October 15, 2018, in the Campbell cases. The Complaint in this case was filed January 9, 2020, well after the close of those periods. Further, in each case, publication of the incident and associated deadline put plaintiff on notice. Accordingly, Campbell and BHS argue that the claims against them must be dismissed as restrained. Further, Campbell argues that allowing the Complaint to proceed "could create preclusive findings and inconsistent results." [Doc. 6-1 at 8].

Because of the similarities between the defendants' arguments, the plaintiff filed a consolidated response to both on November 20, 2020. [Doc. 19]. While plaintiff does not attempt to dispute that they are outside the time periods in the orders set forth above, they

2

contend that these are "technical 'requirements'" and urge this Court to instead follow Judge Goodwin's opinion in *In the Matter of the Complaint of B&H Towing, Inc.*, 2005 WL 8159555 (S.D. W.Va. Nov. 1, 2005) (Goodwin, J.). In that case, the court entered an order in the limitation of liability action requiring all potential claimants to file answers and claims by June 15, 2005; movants filed for leave to file an answer six days later. *Id.* at *1. The court found that

> In the Fourth Circuit, "late claims are generally permitted if the action is still pending and unresolved and the late filings will not prejudice the rights of others." *Buie v. Naviera Chilena Del Pacifico, S. A.*, 823 F.2d 546 [(table)], 1987 WL 37943 (4th Cir. 1987) (per curium). Considering the reasoning of *Buie* and the plain language of Rule 4(f), in evaluating whether to allow the movants' claim, this court considers: (1) whether the proceeding is pending and unresolved; (2) whether granting the motion will prejudice the rights of others; and (3) whether the movants have provided a reason for the late filing. Guided by *Buie*, the first two of these factors are given greater weight than the third factor.

*Id.* at *2. Judge Goodwin found that, as to the first factor, the proceeding "was in its infancy" as discovery had not commenced. *Id.* As to the second factor, he pointed out that "an overarching goal of admiralty proceedings is to achieve substantial justice for all harmed parties, not just for claimants who comply with the technical procedural requirements," and that allowing the claim to proceed would not interfere with the rights of other claimants. *Id.* Finally, although Judge Goodwin found that the movants had failed

3

to provide a compelling reason for late filing, this requirement is minimal and delinquent claims are generally permitted if the other factors are met. *Id.* (citing *Buie*, 823 F.2d 546 (table), 1987 WL 37943 (4th Cir. 1987); *M.V. President Kennedy, Ltd.*, 2000 WL 351425 (S.D.N.Y. 2000)).

Plaintiff argues that the Court should reach the same conclusion here. It argues that the related cases have been stayed since November of 2019 and that discovery has not commenced, so that, like *B&H*, this case is still "in its infancy." [Doc. 19 at 6–7]. Likewise, they argue that defendants can point to "no tangible prejudice." [Id. at 8]. Finally, plaintiff asserts that it had retained prior counsel which it fired "based on a failure to communicate or otherwise take any action. [Id. at 9]. Finally, plaintiff asks that either the Complaint be permitted to serve as a filing of a claim in the limitation proceeding, or that this action be consolidated with the limitation action, or that leave be granted to file an action in that case. [Id. at 10].

On December 3, 2020, Campbell filed a reply. There, it argues that "[t]he restraints of the limitation action are not merely technical formalities, as Plaintiff advocates." [Doc. 22 at 3]. It contends that allowing plaintiff's claim "would significantly prejudice Campbell's substantive right to pursue limitation." [Id. at 4]. Further, it contends that plaintiff is required to move for leave to file a claim *in the limitation proceeding*, not in a separate action; further, it contends that "Plaintiff has not provided any explanation or reason for why it failed to timely file a responsive answer." [Id. at 5].

On December 4, 2020, BHS filed a reply. Like Campbell, BHS argues that this case is distinguishable from *B&H* because plaintiff has filed an independent action, not a claim

4

within the limitation action itself. [Doc. 23 at 1]. BHS also argues that this case, unlike *B&H*, is not "in its infancy" because over 16 months passed between the expiration of the monition period and the filing of the Complaint in this case. [Id. at 3].

## LEGAL STANDARD

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see also *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (applying the *Twombly* standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id.* at 1964–65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 1974.

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

## DISCUSSION

Under Supplemental Rule F of the Federal Rules of Civil Procedure, a vessel owner may file a complaint for limitation of liability. Under F(3), "Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." "Thus, an owner or charterer may avoid a multiplicity of actions against it; resolve the issues raised in the multiplicity of actions in a single action; and limit its liability in the one action to the value of the vessel and pending freight." *Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV*, 569 F.3d 189, 198 (4th Cir. 2009). Rule F(4) requires that a notice be issued "to all persons asserting claims with respect to which the complaint seeks limitation," with a date at least 30 days out from the issuance. "Rule F(5) provides that '[c]laims shall be filed and served on or before the date specified in the notice. . . .' The deadline stated in the notice, however, is not an absolute

deadline. 'For cause shown, the court may enlarge the time within which claims may be filed.' Supp. Rule F(4), Fed. R. Civ. P." *Matter of B & H Towing, Inc.*, 2005 WL 8159555 at *1 (S.D. W.Va. Nov. 1, 2005) (Goodwin, J.).

This Court finds the reasoning set forth in *B&H* instructive, serving as a lodestar in navigating supplemental rule F. The factors discussed in *Buie* and set forth in *B&H* keep this case afloat. While defendants are correct that this case differs from *B&H* in that the claim in that case was within the limitation action itself, this Court does not find that this difference will prejudice defendants, as they assert. Further, the limitation proceeding remains "pending and unresolved," and discovery has not begun. Although this case involves a significantly longer period of time than in *B&H*, the early stage of the proceedings, combined with the period of stay which left the case adrift, leads this Court to conclude that, like *B&H*, this case remains in its infancy. This is further buoyed by *Buie*, in which the Court found that in cases which "involve claims which were asserted after the expiration of the monition period but before the court enters final judgment," late claims are generally permitted. *Buie*, 823 F.2d 546 (table), 1987 WL 37943 at *2 (4th Cir. 1987). As to the third factor, this requirement is lenient and the court will give plaintiff's claims a wide berth. *See Matter of B & H Towing, Inc.*, 2005 WL 8159555, at *2 (S.D. W.Va. Nov. 1, 2005) ("The cause requirement of Rule F(4) is easily met and does not require late-filing claimants to show 'good cause.'") (citation omitted); *In re World Tradeways Shipping, Ltd.*, 1966 WL 146845, at *1 (S.D.N.Y. Nov. 21, 1966) ("a showing that no party will be prejudiced by permitting an extension, even with a weak showing of excusable neglect, is

sufficient.") (citations omitted). Accordingly, the motions to dismiss will be denied, and plaintiff's claims remain afloat.

Because the claims are not being dismissed, the Court finds that consolidation is appropriate, as all parties seem to acknowledge. As Campbell points out, "allowing Plaintiff's Complaint to proceed outside the limitation proceeding could create preclusive findings and inconsistent results." [Doc. 6-1 at 8]. Accordingly, the cases will be consolidated and this case will join the flotilla of other cases arising from the breakaway incident.

## CONCLUSION

For the aforementioned reasons, Defendant Campbell Transportation Co., Inc.'s Motion to Dismiss Plaintiff's Complaint **[Doc. 6]** and Bellaire Harbor Service, LLC's Motion to Dismiss Plaintiff's Complaint **[Doc. 11]** are hereby **DENIED**. Further, it is hereby **ORDERED** that this case be **CONSOLIDATED** with 5:18-CV-115, with that case to serve as the lead case.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: December 14, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE